IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA RAE KELLY,                          6:13-CV-02317-BR

       Plaintiff,                           OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

       Defendant.


KATHRYN TASSINARI
ROBERT A. BARON
Harder, Wells, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

       Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2531

      Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Jessica Rae Kelly seeks judicial review of a final decision of the Commissioner of the Social Security Adminis-tration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

      Plaintiff filed an application for SSI on July 23, 2010, and alleged a disability onset date of November 12, 1998.  Tr. 136.[1] Her application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on October 11, 2012.  Tr. 41-60.  At the hearing a medical expert (ME)

---

      [1] Citations to the official transcript of record filed by the Commissioner on July 8, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

testified.  Plaintiff was represented by an attorney.

On November 16, 2012, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 15-30.  On November 8, 2013, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on November 18, 1980, and was 31 years old at the time of the hearing.  Tr. 136.  Plaintiff has a tenth-grade education.  Tr.  She has past relevant work experience as a dishwasher and "busser."  Tr. 25.

Plaintiff alleges disability due to a learning disability, depression, low weight, bipolar disorder, and adult fetal-alcohol syndrome (FAS).  Tr. 140.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 23-25.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th

3 - OPINION AND ORDER

Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commis- sioner determines the claimant does not have any medically severe

5 - OPINION AND ORDER

impairment or combination of impairments. 20 C.F.R.
§ 416.920(c). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity. 20
C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724.
The criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, she must
assess the claimant's Residual Functional Capacity (RFC). The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations. 20 C.F.R.
§ 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule." SSR 96-8p, at *1. In other
words, the Social Security Act does not require complete
incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*,
659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885
F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform

work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also
Keyser*, 648 F.3d at 724.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.
Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 416.920(g)(1).


### ALJ'S FINDINGS

At Step One the ALJ found Plaintiff had not engaged
in substantial gainful activity since her July 23, 2010,
application date.  Tr. 20.

At Step Two the ALJ found Plaintiff has the severe
impairments of a learning disability, dysthymia, lower body
weight, and a history of FAS.  Tr. 20.

At Step Three the ALJ concluded Plaintiff's impairments do
not meet or equal the criteria for any Listed Impairment from 20

C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff has the RFC to perform light work.  Tr. 23.  The ALJ found Plaintiff had the ability to stand or to walk for six hours in an eight-hour workday and to sit six hours in an eight-hour workday. Tr. 23.  The ALJ limited Plaintiff to "tasks involving no more than simple, routine instructions and brief, structured encounters with coworkers and public."  Tr. 23.  The ALJ found Plaintiff requires "a working setting where supervisor style is not overly harsh or critical."  Tr. 23.  Finally, the ALJ restricted Plaintiff "to jobs that will accommodate a fourth-grade reading level."  Tr. 23.

At Step Four the ALJ concluded Plaintiff was unable to perform her past relevant work.  Tr. 25.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy.  Tr. 25-26. Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 26.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected some of Plaintiff's statements in her Disability Report; (2) improperly gave "less weight" to the opinion of examining psychologist Judith Eckstein, Ph.D.; (3) improperly gave limited weight to the lay-witness testimony of Julie Berry; and (4) improperly found Plaintiff could perform other work in the

national economy.

## I.    The ALJ did not err when he partially rejected some of Plaintiff's statements in her Disability Report.

Plaintiff alleges the ALJ erred by failing to provide clear and convincing reasons for partially rejecting some of Plaintiff's statements in her Disability Report.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ "found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but he concluded Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible to the extent they are inconsistent with the above residual functional capacity assessment." Tr. 24.

The ALJ noted he had "considered all [of Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" as well as the "opinion evidence." Tr. 23. Specifically, the ALJ noted although Plaintiff asserts her disability onset date is November 12, 1998, in her Disability Report to the Social Security Administration Plaintiff stated her "conditions became severe enough to keep [her] from working" in January 2007. Tr. 140. In addition, the record reflects Plaintiff last worked in June 2010. Tr. 140.

The ALJ also noted Dr. McGrath, examining psychologist, assessed Plaintiff with a depressive disorder and borderline intellectual functioning, but he also assessed Plaintiff with a

GAF of 57,[2] which indicates Plaintiff has only moderate symptoms or moderate difficulty in social, occupational, or school functioning.  Tr. 200.  *Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV) 31-34 (4th ed. 2000).  Similarly Mary Ann Westfall, M.D., reviewing physician, found Plaintiff had only moderate symptoms and/or moderate difficulty in social and occupational functioning.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's statements in her Disability Report were only partially credible.  The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's statements in part.

## II.  The ALJ did not err when he gave "less weight" to the opinion of Dr. Eckstein.

Plaintiff asserts the ALJ erred when he gave "less weight" to the opinion of examining psychologist Dr. Eckstein.

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining

---

[2] Although the fifth edition of the *Diagnostic and Statistical Manual of Mental Disorders* issued May 27, 2013, abandoned the GAF scale in favor of standardized assessments for symptom severity, diagnostic severity, and disability (*see Diagnostic and Statistical Manual of Mental Disorders V* (DSM-V) 16 (5th ed. 2013)), at the time of Plaintiff's assessment and the ALJ's opinion the GAF scale was used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100.

physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

Dr. Eckstein conducted a psychodiagnostic evaluation of Plaintiff on December 13, 2010.  Dr. Eckstein concluded Plaintiff's "work history is quite limited and suggests she cannot handle even simple job duties."  Tr. 231.  Dr. Eckstein noted Plaintiff appeared to suffer "significant cognitive deficits" and recommended "a full intellectual assessment."  Tr. 231.  Ultimately Dr. Eckstein assessed Plaintiff with a GAF of 45, which indicates serious symptoms or a serious impairment in social, occupational, or school functioning.  *Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV) 31-34 (4th ed. 2000).

The ALJ gave "less weight" to Dr. Eckstein's opinion noting her opinion was contradicted by that of examining psychologist Michael McGrath, Ph.D.  Tr. 24.  As noted, Dr. McGrath assessed Plaintiff with a GAF of 57 and found Plaintiff to have only moderate symptoms or moderate difficulty in social, occupational,

or school functioning.  The ALJ noted although Dr. Eckstein recommended a full intellectual assessment of Plaintiff, Dr. McGrath already had conducted such an assessment before offering his opinion as to Plaintiff's level of functioning.  In addition, Dr. Eckstein stated Plaintiff's work history was "quite limited" and that Plaintiff would be unable to handle even simple job duties.  The ALJ noted, however, Dr. Eckstein's conclusions about Plaintiff's work history and ability to perform simple job duties are belied by the record, which reflects Plaintiff performed a number of simple jobs throughout a significant portion of Plaintiff's period of alleged disability.  Tr. 24.

On this record the Court concludes the ALJ did not err when he gave "less weight" to Dr. Eckstein's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### III. The ALJ did not err when he gave limited weight to the report of lay-witness Julie Berry.

Plaintiff asserts the ALJ erred when he gave only some weight to the lay testimony of Plaintiff's friend, Julie Berry.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r*, 454 F.3d

13 - OPINION AND ORDER

1050, 1054 (9th Cir. 2006).  When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  *Stout,* 454 F.3d at 1056.

Berry stated in a November 2010 Third-Party Function Report that Plaintiff needs some help with self care, only "sometimes" prepares her own meals, frequently does not complete household chores, cannot follow written instructions such a recipes, and suffers depression.  Tr. 156-57, 161.  Berry states Plaintiff shops for food, can count change, and follows spoken instructions "o.k."  Tr. 160.

The ALJ noted Berry's statements  "appear to be generally consistent with the limitations recommended by the State agency psychological consultants – namely that [Plaintiff] not be required to have more than brief structured encounters with others in work settings that avoid overly harsh or critical supervision."  Tr. 25.  The ALJ, therefore, gave "significant weight to [Berry's] observations, to the extent they are consistent with the medical evidence."  Tr. 25.  In addition, Berry's opinion of Plaintiff's impairments relied at least in part on Plaintiff's representations, and the ALJ had already found Plaintiff was not fully credible.

14 – OPINION AND ORDER

The Court concludes on this record that the ALJ did not err when he gave limited weight to Berry's statements because the ALJ provided legally sufficient reasons for doing so.

**IV.  The ALJ did not err at Step Five.**

Plaintiff contends the ALJ erred at Step Five when he found Plaintiff could perform other jobs in the national economy because the ALJ failed to consider the limitations indicated by Plaintiff, Dr. Eckstein, and Julie Berry.

Because the Court has found the ALJ properly rejected Plaintiff's testimony, properly assigned less weight to the opinion of Dr. Eckstein, and properly gave limited weight to Berry's statements, the Court concludes the ALJ did not err at Step Five when he failed to include the limitations indicated by Plaintiff, Dr. Eckstein, and Berry in his assessment of Plaintiff's ability to do other jobs existing in the national economy.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 19th day of March, 2015.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER